# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-30794
USDC No. 2:10-CV-1240

SIVORIS SUTTON,

                Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

                Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

O R D E R:

    Sivoris Sutton, Louisiana inmate # 307571, seeks a certificate of appealability (COA) from the denial of his 28 U.S.C. § 2254, in which he challenged his conviction for second degree murder, as time barred. Sutton argues that his § 2254 petition is timely under *Jimenez v. Quarterman*, 555 U.S. 113 (2009). He argues that, alternatively, if his conviction is deemed final the date that the state appellate court affirmed his conviction, he is entitled to equitable tolling because the prosecution lost his file and the transcript and because he has made a colorable showing of actual innocence.

    This court may not grant a COA unless Sutton demonstrates that jurists of reason would find it debatable that the district court properly dismissed his application as time barred and that he states a valid constitutional claim. *See*

No. 11-30794

28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Houser v. Dretke,* 395 F.3d 560, 561-62 (5th Cir. 2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

Sutton had one year from the latest of various events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A); *Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999). Under *Jimenez*, "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment [does not become] 'final' for purposes of § 2244(d)(1)(A) . . . [until] the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." 555 U.S. at 120-21.

In ruling on Sutton's motion for an out-of-time petition for a writ of certiorari, the Louisiana Supreme Court stated that even assuming that Sutton had sought relief in Water's application for a writ of certiorari, because that application lacked merit, Sutton had shown no grounds for relief. *Sutton*, 743 So. 2d at 1243. Whether the Louisiana Supreme Court's alternative ruling on the merits of Sutton's petition for a writ of certiorari implicates *Jimenez* is unclear. Further, Sutton's claim of ineffective assistance of counsel states a facial valid constitutional claim. Accordingly, a COA is GRANTED on whether the instant petition is time barred. *See Slack*, 529 U.S. at 484; *Houser,* 395 F.3d at 561-62; *see also Gonzalez*, 132 S. Ct at 648.

s/ James L. Dennis<br>
JAMES L. DENNIS<br>
UNITED STATES CIRCUIT JUDGE